IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VASSIL FILIPOV,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN RESIDENTIAL SERVICES, LLC,<br><br>        Defendant. | CIVIL ACTION NO. 1:11-cv-00366-JOF |

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND MOTION TO DISMISS WITH PREJUDICE**

Plaintiff Vassil Filipov ("Plaintiff") and Defendant American Residential Services, LLC ("Defendant") (collectively, the "Parties"), by and through their undersigned counsel, hereby file their Joint Motion for Approval of Settlement Agreement and Motion to Dismiss all claims in the above captioned case with prejudice, and state as follows:

    1.    Plaintiff brought this action against Defendant alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of himself.

    2.    Defendant has asserted various defenses and Defendant expressly denies any liability or wrongdoing of any kind associated with the claims asserted by Plaintiff in his Complaint, including his claims alleging violations of the FLSA,

1

and any alleged claim that Plaintiff is entitled to unpaid wages. Defendant contends it has complied with applicable federal and state law at all times. By entering into a settlement agreement with Plaintiff, Defendant does not admit any liability or wrongdoing and expressly denies the same; it is expressly understood and agreed that the Parties' Settlement Agreement is being entered into by Defendant solely for the purpose of avoiding the costs and disruption of ongoing litigation and to settle all outstanding claims. Nothing in the Parties' Settlement Agreement, settlement proposals exchanged by the Parties or any motions filed or Orders entered pursuant to the Parties' Settlement Agreement, is to be construed or deemed as an admission by Defendant of any liability, culpability, negligence, or wrongdoing, and the Settlement Agreement, each of its provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible in any arbitration or legal proceedings for any purpose except in an action or proceeding to approve, interpret, or enforce the Settlement Agreement.

3.     In an effort to resolve this action without incurring additional fees and expenses, and without admitting any liability, Plaintiff entered into a Settlement Agreement and General Release with Defendant, pursuant to which Plaintiff agrees

to dismiss all claims in this action. (A true and correct copy of the Settlement Agreement and General Release is attached hereto as Exhibit A).

4. The only way an employee can waive claims under the FLSA is pursuant to a payment of back wages supervised by the United States Department of Labor, or pursuant to a court-authorized settlement of an action brought by the employee under the FLSA. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). With respect to a court-authorized settlement, the court must determine that the settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.*

5. In this action, there is a *bona fide* dispute as to whether Plaintiff was correctly compensated in compliance with the provisions of the FLSA, and whether Plaintiff is entitled to unpaid wages. Defendant asserts that Plaintiff was properly compensated pursuant to the FLSA and that he is not entitled to any unpaid wages, therefore, no violation existed.

6. The settlement of this action is a fair and reasonable resolution in that Plaintiff claimed that Defendant failed to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek. Although Defendant denies the substance of Plaintiff's allegations, in the interests of settlement, the Parties worked to develop models that calculated the

potential damages for Plaintiff based on Plaintiff's allegations that he was entitled to unpaid overtime compensation, and the Parties' agreed to a settlement amount that is consistent with this model and the piece-rate method of payment. *See* 29 CFR 778.111.  Defendant has agreed to compensate Plaintiff Sixteen Thousand Two Hundred and No/100 Dollars ($16,200.00), along with attorney's fees and costs in the amount of Eleven Thousand Eight Hundred and No/100 Dollars ($11,800.00) in full and final settlement of this lawsuit.

WHEREFORE, the Parties jointly request that this Court approve the proposed Settlement Agreement and General Release entered in this action and dismiss this matter with prejudice, as the parties have agreed.

Respectfully submitted this 21st day of September, 2011.

| | |
|---|---|
| /s/Thomas F. Martin | s/John T. Stembridge, Esq. |
| Thomas F. Martin | John T. Stembridge |
| Georgia Bar No. 482595 | Georgia Bar No.  678605 |
| Martin & Martin, LLP | Christopher J. Harris |
| Post Office Box 1070 | Georgia Bar No. 288309 |
| Tucker, GA 30085-1070 | LITTLER MENDELSON, P.C. |
| Phone: (770) 344-7267 | 3344 Peachtree Road N.E. |
| Fax: (770) 837–2678 Fax | Suite 1500 |
| tfmartin@martinandmartinlaw.com | Atlanta, Georgia 30326 |
| | Phone: (404) 233-0330 |
| Attorney for Plaintiff | Fax: (404) 233-2361 |
| | Email:  jstembridge@littler.com |
| | Email:  cjharris@littler.com |
| | |
| | Attorneys for Defendant |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1 of the Local Civil Rules for the Northern District of Georgia, I hereby certify that this pleading has been prepared in compliance with Local Rule 5.1(C).

                                      s/John T. Stembridge
                                      John T. Stembridge
                                      Georgia Bar No. 678605

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VASSIL FILIPOV,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN RESIDENTIAL SERVICES, LLC,<br><br>    Defendant. | CIVIL ACTION NO. 1:11-cv-00366-JOF |

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2011, I electronically filed the foregoing with the Clerk of the Court via CM/ECF which will automatically notify Plaintiff's counsel as follows:

>Thomas F. Martin
>Kimberly N. Martin
>Martin & Martin, LLP
>Post Office Box 1070
>Tucker, GA 30085-1070
>tfmartin@martinandmartinlaw.com
>kmartin@martinandmartinlaw.com

>>s/John T. Stembridge
>>John T. Stembridge
>>Georgia Bar No. 678605

6

# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("AGREEMENT") is entered into by and between Vassil Filipov ("PLAINTIFF") and American Residential Services, LLC ("ARS").

## RECITALS

This AGREEMENT is made with reference to the following facts:

A. **WHEREAS,** PLAINTIFF is a PLAINTIFF in the lawsuit filed against ARS that is currently pending in the United States District Court for the Northern District of Georgia and styled as <u>Vassil Filipov v. American Residential Services, LLC</u>, (the "LAWSUIT"); and

B. **WHEREAS,** ARS denies the validity of PLAINTIFF's claims and denies that it is subject to any liability; and,

C. **WHEREAS,** PLAINTIFF admits that his claims against ARS are not appropriate for certification as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*, or as a class action under any state laws; and,

D. **WHEREAS,** all wages concededly due to PLAINTIFF have been unconditionally paid; and,

E. **WHEREAS,** the Parties wish to settle their differences without resort to further litigation; and,

F. **WHEREAS,** ARS is willing to provide PLAINTIFF with certain considerations described below, which it is not ordinarily required to, provided PLAINTIFF dismisses the LAWSUIT with prejudice, releases ARS from any claims PLAINTIFF has made or might make arising out of his employment with ARS, and agrees to comply with the other promises and conditions set forth in this AGREEMENT.

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2. **Definitions:** Throughout this AGREEMENT, the terms:

   A. "ARS" shall include the following:

(i)      ARS LLC, as well as its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations; and

(ii)     the officers, directors, trustees, insurers, shareholders, partners, current and former employees, attorneys and agents, past and present, of each of the aforesaid entities of any entity encompassed by subparagraph (A).

3. **Settlement Sum:** As consideration for PLAINTIFF signing this AGREEMENT and compliance with the promises made herein, ARS agrees to pay a total of TWENTY EIGHT THOUSAND DOLLARS AND 00/100 CENTS ($28,000.00), less lawful deductions, as follows:

     a.     ARS shall issue payment in the amount of Eight Thousand One Hundred Dollars and 00/100 Cents ($8,100.00), less applicable taxes and deductions, payable to PLAINTIFF. This payment shall be characterized as back wages, and ARS will issue PLAINTIFF an IRS form W-2; and

     b.     ARS shall issue payment in the amount of Eight Thousand One Hundred Dollars and 00/100 Cents ($8,100.00) payable to PLAINTIFF. This amount shall be characterized as liquidated damages, and ARS will issue PLAINTIFF an IRS Form 1099; and

     c.     ARS shall issue payment in the amount of Eleven Thousand Eight Hundred Dollars and 00/100 Cents ($11,800.00) payable to Martin & Martin, LLP, Tax Identification Number 26-0529467 for fees and costs, and shall issue the appropriate IRS Forms 1099 to Martin & Martin, LLP, for this amount.

     d.     ARS shall provide the consideration identified in this paragraph 3 after receiving all of the following items: (1) a facsimile of this AGREEMENT appropriately signed and dated by PLAINTIFF; (2) a completed IRS form W-9 signed and dated by PLAINTIFF; (3) and an Order from the Court approving the settlement between the Parties and dismissing, with prejudice, all claims against ARS in the matter of <u>Vassil Filipov v. American Residential Services, LLP</u>, Case No. 1:11-cv-00366-JOF, currently pending in the United States District Court for the Northern District of Georgia. This AGREEMENT shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after ARS has received from PLAINTIFF all of the items described in this paragraph). PLAINTIFF shall also provide a signed original of the AGREEMENT for execution by ARS's representative. PLAINTIFF will be provided with a copy of the fully executed AGREEMENT.

4. **Consideration:** PLAINTIFF understands and agrees that he would not receive the monies and/or benefits specified in paragraph 3 above, but for his execution of this AGREEMENT and the fulfillment of the promises contained herein.

2

5. **General Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, PLAINTIFF agrees to the dismissal with prejudice of the Lawsuit filed against ARS (and any other claims or assertions of liability that may exist). In addition, PLAINTIFF, for himself and for each of his heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges ARS of and from any and all claims, liabilities, causes of action, demands to any rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that PLAINTIFF may now have, has ever had, or hereafter may have relating directly or indirectly to the allegations in the Lawsuit or his employment with ARS, including, but not limited to, claims for wages, which, as set forth in "WHEREAS" clause "D" preceding paragraph 1 of this AGREEMENT, as well as paragraph 7 of this AGREEMENT, have been fully paid to PLAINTIFF prior to the execution of this AGREEMENT; back pay; front pay; reinstatement; damages; or benefits. PLAINTIFF also releases any and all claims he may have that arose prior to the date of this AGREEMENT, and hereby specifically waives and releases all claims, including, but not limited to, those arising under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Equal Pay Act; the Americans With Disabilities Act of 1990; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; and any and all other federal, state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim, including claims for intentional infliction of emotional distress, which is specifically denied by ARS. PLAINTIFF forgoes any and all rights to participate in a class or collective action alleging violations of any of the above laws, including those brought under the FLSA, and PLAINTIFF further covenants and agrees not to accept, recover or receive any back pay, liquidated damages, other damages or any form of relief based upon any claims asserted or settled in this LAWSUIT that may arise out of, or in connection with, any other individual, class or administrative remedies pursued by any state or local governmental agency against ARS. Finally, the above release excludes any other claim which cannot be released by private agreement with Court supervision.

This AGREEMENT shall not apply to rights or claims that may arise after the Effective Date of this AGREEMENT; nor shall any provision of this AGREEMENT be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under any circumstances be waived, released, or extinguished.

6. **Tax Liability:** PLAINTIFF understands that ARS shall issue IRS Form 1099s for the payments specified in paragraphs 3(b) and (c) of this AGREEMENT, that are not subject to withholding. In paying the amount specified in paragraphs 3(b) and (c), ARS makes no representation regarding the tax consequences or liability

3

arising from said payments. PLAINTIFF understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is his sole responsibility, and that he will pay any such taxes that may be due or become due. ARS has no monetary liability or obligation regarding payment whatsoever (other than delivering valid checks in the sums referenced in paragraphs 3(a), (b) and (c) of this AGREEMENT). PLAINTIFF agrees to bear all tax consequences, if any, attendant upon the payment to him of the above-recited sums. PLAINTIFF further agrees to hold ARS harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums. In the event ARS receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against ARS, ARS shall promptly, after receipt of such written notice, notify PLAINTIFF by letter sent to counsel for PLAINTIFF.

7. **Affirmations:** PLAINTIFF represents and affirms that, other than the Lawsuit referenced herein, he has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against ARS with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. PLAINTIFF further represents and affirms as a material term of this AGREEMENT that he has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due him, except as provided for in this AGREEMENT.

8. **No Further Employment:** PLAINTIFF acknowledges that his employment with ARS ended effective on, or about, June 30, 2010. PLAINTIFF permanently, unequivocally, and unconditionally waives any and all rights PLAINTIFF may now have, may have had in the past, or may have in the future to obtain or resume employment with ARS or to do business for or with ARS through a third party. PLAINTIFF agrees never to apply for employment with ARS. In the event that PLAINTIFF is ever mistakenly employed by ARS, PLAINTIFF agrees to have his employment terminated with no resulting claim or cause of action against ARS, its parent, successors, affiliates, and/or subsidiaries.

9. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

10. **Confidentiality:** In consideration of the obligations under this AGREEMENT, PLAINTIFF agrees that this AGREEMENT and the terms and conditions hereof are strictly, and shall forever remain, confidential, and that neither PLAINTIFF nor his heirs, agents, executors, administrators, attorneys, legal representatives or

assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former associates of ARS, under any circumstances. Notwithstanding the foregoing, PLAINTIFF may discuss any information that is in the public record relating to his LAWSUIT or other truthful information relating to his LAWSUIT, provided that he not disclose or disseminate, directly or indirectly, any information relating to the terms of this AGREEMENT or the consideration paid by ARS pursuant to this AGREEMENT. PLAINTIFF may disclose the terms of this AGREEMENT to his attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required by law, or as required to do so in response to an investigation by any federal or state agency.

(A) If PLAINTIFF is required to disclose this AGREEMENT or its terms pursuant to court order and/or subpoena, PLAINTIFF shall notify ARS, in writing via facsimile or overnight mail, within 24 hours of his receipt of such court order or subpoena, and simultaneously provide ARS with a copy of such court order or subpoena. PLAINTIFF agrees to waive any objection to ARS's request that the document production or testimony be done *in camera* and under seal.

(B) ARS acknowledges that a violation of paragraph 10 or any of its subparts would cause immeasurable and irreparable damage to ARS in an amount incapable of precise determination. Accordingly, for any proven violation by PLAINTIFF of the agreements and covenants in this paragraph, as determined by a court of competent jurisdiction, PLAINTIFF shall return to ARS the sum of One Thousand ($1000.00) within ten (10) days of the court's ruling, and the AGREEMENT, including the general release, shall remain in full force and effect. The prevailing party shall be entitled to its attorneys' fees and costs.

(C) The Parties agree that the terms of paragraph 10 and all of its subparts are a material inducement for the execution of this AGREEMENT. Any disclosure or dissemination, other than as described above in paragraph 10 and 10(A) will be regarded as a breach of this AGREEMENT and a cause of action shall immediately accrue for damages as identified in paragraph 10(B).

11. **Nondisparagement:** PLAINTIFF agrees not to make any written or oral statement about ARS which PLAINTIFF knows or reasonably should know to be untrue and agrees not to make any disparaging or negative statement about ARS with the intent to injure or harm ARS. Nothing in this AGREEMENT shall prevent PLAINTIFF from providing truthful information, if required by law. PLAINTIFF's nondisparagement obligation is a material term of this AGREEMENT.

12. **Governing Law and Jurisdiction:** This AGREEMENT shall be governed and conformed in accordance with the laws of the state of Florida.

5

13. **No Admission of Liability:** The Parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at anytime for any purpose as an admission by ARS of any liability or unlawful conduct of any kind.

14. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

15. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. PLAINTIFF agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged. The Parties acknowledge that only the General Counsel of ARS has the authority to modify this AGREEMENT on behalf of ARS.

16. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT. If any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT.

To the extent that any general release or dismissal in this AGREEMENT is deemed to be illegal, invalid, or unenforceable, PLAINTIFF agrees to execute a valid full and final release of equal scope, covering any and all claims in favor of ARS in exchange for the payments set forth in paragraph 3 of this AGREEMENT in the event such payments have not already been made, in order to effectuate a dismissal with prejudice of his Lawsuit filed against ARS.

17. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

18. **Entire Agreement:** This AGREEMENT sets forth the entire AGREEMENT between the parties hereto, and fully supersedes any prior obligation of ARS to PLAINTIFF, except that it shall not supersede any agreement related to

confidential and proprietary information, inventions, patents and copyrightable works. PLAINTIFF acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

19. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

20. **Compliance with Older Workers Benefit Protection Act:** PLAINTIFF, being 40 years of age or older, is advised of and acknowledges the following:

    (A) **Twenty-One Day Consideration Period.** PLAINTIFF shall have up to twenty-one (21) days to consider and accept the terms of this AGREEMENT by fully executing and notarizing it below, and returning it to ARS's counsel, as identified in Exhibit A. During this twenty-one (21) day period and before signing this AGREEMENT, PLAINTIFF is encouraged to consult with an attorney regarding the terms and provisions of this AGREEMENT, at his own expense. PLAINTIFF may sign the AGREEMENT of his own volition prior to the conclusion of the twenty-one (21) day period.

    (B) **Release of Age Discrimination in Employment Act Claims.** By signing this AGREEMENT, PLAINTIFF waives any claims he has or might have against ARS under the Age Discrimination in Employment Act ("ADEA") that accrued prior to the date of PLAINTIFF's execution of the AGREEMENT.

    (C) **Revocation Period.** PLAINTIFF shall have seven (7) days from the date he signs this Agreement to change his mind and revoke his agreement to waive claims of discrimination under the Age Discrimination in Employment Act. *This seven (7) day right of revocation does not apply to any other type of claim covered by the release in Paragraph 5 above.* This Agreement will become final and binding on the day it is signed by PLAINTIFF, although the specific waiver of claims under the Age Discrimination in Employment Act will become effective only if that waiver is not revoked within the seven (7) day revocation period. Any revocation within this period must state "I hereby revoke my acceptance of our Agreement and General Release related to claims under the Age Discrimination in Employment Act." The written revocation must be personally delivered to ARS's counsel, and must be postmarked within seven (7) calendar days of PLAINTIFF's execution of this AGREEMENT. If PLAINTIFF revokes his waiver related to claims under the Age Discrimination in Employment Act, ARS has the right to decide whether to accept the remainder of the AGREEMENT or to reject the AGREEMENT, including any obligation to pay the consideration provided in Paragraph 3.

PLAINTIFF IS HEREBY ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW AND CONSIDER THIS AGREEMENT AND IS HEREBY ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST ARS.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this AGREEMENT as of the date set forth below:

Dated: 9/17/2011        By: _____
                              ARS

Dated: 9/10/2011        By: _____
                              PLAINTIFF

8